UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-mj-00297-WTL-MJD |
| ) | *SEALED* |
| ) | |
| SEALED DEFENDANT JUVENILE MALE, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Defendant was arrested on April 26, 2017 and has been detained since that date. [Dkts. 10, 12, 14, & 18.] On April 21, 2017, the United States filed its Motion to Transfer Proceedings Against Juvenile to Adult Criminal Prosecution. [Dkt. 8.] On May 16, 2017, the United States moved for leave to conduct a psychological examination of Defendant in support of the motion for transfer, which motion was granted on June 6, 2017. [Dkts. 16 & 24.] Ralph W. Staples, Jr. appeared as retained counsel for Defendant on July 14, 2017.

The United States finally disclosed its psychologist's report on January 11, 2018. [Dkt. 39.] The Court conducted a status conference in this matter on January 16, 2018; during that conference, "the parties committed to file a report with the Court on or before **February 13, 2018** articulating the following information: (1) whether Defendant will offer his own expert witness; (2) if yes, how soon will that expert's report be prepared; and (3) the earliest date the parties believe the matter will be ready for hearing on the government's motion to transfer

1

proceedings against juvenile to adult criminal prosecution." [Dkt. 40 at 2 (emphasis in original).]

No report was submitted by February 13, 2018. On March 7, 2018, the Court scheduled a status conference on March 16, 2018 to discuss the missing report. [Dkt. 41.] Counsel for the United States appeared, but Mr. Staples failed to appear for the March 16, 2018 status conference. [Dkt. 115.] As Mr. Staples had never revealed to counsel for the government whether Defendant intended to engage his own expert, the information required by the status report remained unavailable and the purpose of the status conference was thwarted. At 4:17 p.m. on March 16, 2018 the overdue status report was finally filed. [Dkt. 42.] As of the date of the March 16, 2018 status conference, Defendant had been incarcerated for 324 days.

Following the status conference, the Court ordered Mr. Staples to appear on March 26, 2018 to show cause why he should not be sanctioned for failing to appear for the March 16, status conference. [Dkt. 44.] The order to show cause hearing was scheduled in conjunction with another status conference [*Id.*]; the Court subsequently vacated the March 26, 2018 status conference, but that order made clear that the March 26, 2018 order to show cause hearing would proceed as scheduled. [Dkt. 46.] Even though the Court delayed the start of the hearing more than an hour awaiting his appearance, Mr. Staples again failed to appear for the March 26, 2018 show cause hearing. [Dkt. 47.]

The Court's authority to impose sanctions for failure to comply with orders of the Court comes from the Court's inherent power to manage its cases in an orderly fashion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991). In the Seventh Circuit, such sanctions are not within the Magistrate Judge's authority to directly impose. *Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994) (power to issue sanctions, like power to award damages, belongs in hands of district judge);

*Retired Chi. Police Ass'n v. City of Chi.*, 76 F.3d 856, 868–69 (7th Cir. 1996) (pretrial sanctions are dispositive and must be reviewed by the district judge *de novo*). However, the Magistrate Judge can issue a report and recommendation recommending sanctions. *Id.;* 28 U.S.C. § 636(b)(1)(B).

Defendant is nearing the one year anniversary of his incarceration, while still awaiting a hearing on the motion to transfer. Once that motion is decided, Defendant will either be entitled to trial within thirty days if he remains subject to juvenile prosecution, or to indictment within thirty days and trial within an additional seventy days if he is transferred to an adult prosecution. While Defendant's counsel is not responsible for all of the delay in the resolution of the government's motion, he failed to prepare the report that the parties committed to file by February 13, 2018, he failed to attend the status conference scheduled on March 16, 2018, and then he again failed to attend the March 26, 2018 show cause hearing. Mr. Staples' failure to comply with multiple orders of the Court has certainly contributed to unnecessary additional delay in the resolution of the government's motion to transfer, all to the detriment of his client, who remains incarcerated during the pendency of these proceedings.

The Court cannot efficiently and effectively manage its heavy caseload if the attorneys who practice before it fail repeatedly to comply with the Court's orders. *See Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699–700 (7th Cir. 2014); *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996–97 (7th Cir. 1996). Accordingly, the Magistrate Judge recommends that Defendant's counsel, Ralph W. Staples, Jr., be sanctioned Five Hundred Dollars ($500.00) for the multiple failures to comply with the Court's orders discussed above.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to

timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 9 APR 2018

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Ralph Winston Staples, Jr.
STAPLES BARTON & JONES
ralph.staples@me.com